.FALAGÁN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Mayagüez.

No. 116.—Decided April 8, 1912.

CANCELLATION OF MORTGAGE—RECORD OF TITLE IN FAVOR OF PERSON OTHER THAN
GRANTEE.—By virtue of a judgment rendered in proceedings for foreclosure
of mortgage the marshal of the District Court of Mayagüez executed a
deed of conveyance by judicial sale in favor of A, who consented to have
said mortgage canceled by reason of the confusion of rights, but upon pre-
sentation of said deed in the registry it was refused admission to record.
Subsequently the appellant presented in the registry a copy of the deed
of conveyance for the sole purpose of canceling the mortgage in favor of A.
The registrar refused to admit same to record because the application
for admission to record of the deed to the mortgaged property to the
creditor having been previously denied there was no confusion of rights
or merger of estates in the same person. *Held:* That the refusal to record
the cancellation on the grounds set forth by the registrar in his decision
was well founded.

The facts are stated in the opinion.

The appellant appeared *per se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

In summary foreclosure proceedings instituted in the Dis-
trict Court of Mayagüez by Alejandrina Blanco Ramírez
against Manuel, Emilio, and Agripina Clotilde Aran y Cuascú
and Agustín Hernández Mena for the recovery of a mortgage
credit held by the plaintiff for $2,000 principal, and an addi-
tional sum of $500 for costs, the following mortgaged prop-
erty was sold at public auction, to wit: A seven-eighths inter-
est owned by defendant in a house and lot situated on Oriente
Street of said city, which interest was awarded to the plain-
tiff for the sum of $600 in part payment of her claim, the mar-
shal of the said court, Ramón Irizarry Ursulich, on Decem-
ber 6, 1910, executing to Alejandrina Blanco Ramírez a deed of
conveyance of the undivided interest awarded her at auction.
The said deed recites that Mrs. Blanco Ramírez accepted the

same in all its parts, and that she desired the mortgage constituted in her favor by Inocencia Cuascú to be canceled in the registry of property by reason of the confusion of rights resulting from the aforesaid foreclosure proceedings which had been instituted for the collection of said mortgage credit.

Upon presentation of said instrument in the Registry of Property of Mayagüez for the purpose of canceling the mortgage, said cancellation was refused through a memorandum, which reads as follows:

"This instrument was presented by order of Francisco Falagán, who is the present owner of an undivided interest of a seven-eighths part of the property described therein, for the sole purpose of recording the cancellation which, through the consequent confusion of rights, Alejandrina Blanco Ramírez makes of the mortgage held by her. But inasmuch as the application for admission to record of the award to said lady of said undivided interest has previously been denied, and will have to be denied again because such interest appears recorded in favor of Francisco Falagán y Lobato, who is not the same person against whom the foreclosure proceedings were instituted, the record of the cancellation, which is essentially based on the presumption that the mortgage and ownership rights are merged in the same person, is also denied; and in lieu thereof a cautionary notice for a period of 120 days, to be counted from this date, is entered on the reverse side of page 218 of volume 92 of this municipality, property No. 2394, triplicate, entry letter E. Mayagüez, March 11, 1912. Joaquín Cervera Silva, Registrar."

The decision above transcribed has been appealed by Francisco Falagán Lobato, and we are of the opinion that the same is in accordance with the law.

The seven-eighths undivided interest in a house and lot mortgaged to Alejandrina Blanco Ramírez was coveyed to her by deed of December 6, 1910, and by reason of such conveyance the mortgage obligation should have become extinguished inasmuch as the character of creditor and debtor had been merged in the same person, according to section 1160 of the Civil Code, upon which assumption of the confusion of rights the grantee had assented to the cancellation

in the registry of property of the mortgage constituted in her favor by Inocencia Cuascú.

But, as a matter of fact, according to the memorandum appealed from, the admission to record of the award at auction of the interest in question to Alejandrina Blanco Ramírez has heretofore been denied by the Registry of Property of Mayagüez, and it also happens that the said interest appears at the present time recorded in favor of Francisco Falagán Lobato, who is not the same person against whom the summary foreclosure proceedings were instituted. Under such circumstances the law does not afford any means whereby a cancellation which, as the registrar has aptly said, is essentially based on the presumption that the mortgage and ownership rights are merged in the same person, may be admitted to record. Such presumption is not supported by any fact on record in the registry, since not only the interest awarded to Alejandrina Blanco Ramírez has not been recorded in her favor, but we find instead that such interest has been recorded in favor of Francisco Falagán Lobato.

For the foregoing reasons the decision of March 11 last, that has been appealed from, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.